**J. D. THORNTON et al., Plaintiffs-Appellants,**

**Equal Employment Opportunity Commission, Intervenor-Appellant,**

**v.**

**EAST TEXAS MOTOR FREIGHT, INC., et al., Defendants-Appellees.**

**No. 71-1303.**

United States Court of Appeals, Sixth Circuit.

Jan. 20, 1972.

Charles L. Reischel, Washington, D. C., for appellant; Stanley P. Hebert, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, Martin Slate, Atty., E. E. O. C., Washington, D. C., on brief.

Charles L. Reischel, Atty., E. E. O. C., Washington, D. C., on brief as amicus curiae.

Richard C. Hotvedt, Washington, D. C., and L. N. D. Wells, Jr., Dallas, Tex., for appellees; James W. Watson, Memphis, Tenn., Richard C. Hotvedt, Harry A. Rissetto, Washington, D. C., on brief for East Texas Motor Freight, Inc.; Morgan, Lewis & Bockius, Washington, D. C., of counsel.

Mullinax, Wells, Mauzy & Collins, by L. N. D. Wells, Jr., Dallas, Tex., on brief for International Brotherhood of Teamsters, Southern Conference of Teamsters and Teamsters Local 667.

**198**

Before KENT, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and ROTH,* District Judge.

PER CURIAM.

The United States Equal Employment Opportunity Commission, employing Rule 24(b), F.R.Civ.P., sought to intervene in a cause pending between J. D. Thornton and others against East Texas Motor Freight and Local 667 of the Teamsters Union. The motion for intervention was denied by District Judge Harry W. Wellford of the United States District Court for the Western District of Tennessee.

Plaintiffs were employees of defendant East Texas Motor Freight, and members of the defendant union. The complaint charged the company and the union with unlawful and discriminatory practices condemned by Title VII of the Civil Rights Act of 1964—42 U.S.C. § 2000e *et seq.* Similar complaints had been made to the Equal Employment Opportunity Commission (EEOC) which, after investigation and in conformity with the mentioned Civil Rights Act, advised plaintiffs of their right to institute a civil action. They did so and the EEOC asked to be allowed to intervene. In denying the motion, the District Judge said:

> "The Court recognizes that under Rule 24(b) Federal Rules of Civil Procedure, certain governmental agencies 'upon timely application may be permitted to intervene'. The Court further notes that the Attorney General is authorized to intervene in civil actions under Section 2000(e)–5(e) if the case is of general public impor-

tance, but that there is no similar provision allowing the Equal Employment Opportunity Commission to intervene. The Court is of the opinion, therefore, that the Commission cannot intervene in its own right.

> "The disposition of this cause, however, might be greatly aided by the Commission's expertise and research, since it appears to the Court that the discriminatory practices allegedly prevailing in the trucking industry present a significant public concern.

> "It is, therefore, ORDERED that the Commission's motion to intervene on its own right be denied with leave, however, to intervene in conjunction with and through intervention by the Office of the Attorney General.

> "It is further ORDERED that the Commission may, in the alternative in its discretion, participate in this cause as amicus curiae."

In seeking to intervene, the EEOC employed Rule 24(b) of the Rules of Civil Procedure. That rule bears the heading "Permissive Intervention," and its first sentence reads:

> "Upon timely application anyone *may be* permitted to intervene in an action:"

A motion under this rule is addressed to the discretion of the judge. We read the order entered here as stating that EEOC was not entitled to intervene as a matter of right and the denial of the motion was an exercise of the District Judge's discretion. We find no abuse in his exercise of such discretion.

Affirmed.

* United States District Judge, sitting by designation.