**Frank C. BREWER et al.,
Plaintiffs,
v.
REPUBLIC STEEL CORP. et al.,
Defendants.**

**No. C 71–897.**

United States District Court,
N. D. Ohio, E. D.

June 24, 1974.

Leonard F. Lybarger, Cleveland, Ohio, for Frank C. Brewer.

Alan Arnold, Cleveland, Ohio, for Percy Simmons.

James C. Sennett, Jr., Cleveland, Ohio, Carl B. Frankel, Pittsburgh, Pa., Howard R. Besser, Equal Employment Opportunity Comm., Cleveland, Ohio, Melvin S. Schwarzwald, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

The Ohio Civil Rights Commission seeks leave to intervene in this suit, in which a class seeks relief from actions of the defendants which are allegedly racially discriminatory. For reasons to be developed, leave to intervene is denied.

### I. FACTUAL BACKGROUND

This suit was instituted September 15, 1971, pursuant to the authorizations in 42 U.S.C. § 1981 and 42 U.S.C. § 2000e–5(f). Relief is sought from various practices and procedures whereby defendants have discriminated against the class on the basis of race. The relief sought consists of declaratory and injunctive remedies, as well as money damages.

On December 17, 1973, the Court certified the proceeding as a class action, the class consisting of all former and present Negro employees of defendant Republic Steel Corporation who are or have been members of Local 1098, United Steelworkers of America, and United Steel Workers of America, International Union. At that time, the Court found that plaintiff was an adequate representative of the class.

### II. DISCUSSION OF MOTION TO INTERVENE

The Ohio Civil Rights Commission has been developed by the General Assembly of Ohio into a specialized enforcement

body. The duties and powers of the Commission are set forth in Chapter 4112, Ohio Revised Code (O.R.C.). An examination of these sections reveals a legislative intention to keep the Commission's role as an *enforcer* somewhat subdued. The Commission is to develop policy, prepare reports, perform investigations, hold hearings and to attempt to resolve the issues arising from allegations of unlawful discriminatory practices in an informal and non-adversary manner. The Commission is of course a significant factor in enforcing the rights of Ohio's citizens. But its role as an adversary does not begin until a full hearing has been held pursuant to O.R.C. § 4112.05. Its first concern is to achieve a consensual resolution of the issues. O.R.C. § 4112.05; 1970 O.A.G. 108. Only after these less formal procedures have failed, a full hearing has been held and an order issued by the Commission, only then can the Commission enter the courts to secure enforcement of these rights. O.R.C. § 4112.-06(A). And the jurisdiction of the courts of common pleas of the various Ohio counties is held to be exclusive, in terms of efforts by the Commission to secure enforcement of its decrees. O.R.C. § 4112.06(F).

■■ There is no basis for intervention under Rule 24(a). And insofar as intervention under Rule 24(b) is discretionary with court, the Court does not feel it proper for it to interfere with the method of civil rights protection provided by the Ohio legislature.

Since the Commission could not proceed against defendant in the courts of its own state, and since plaintiff appears to be capable of representing the interests of the Commission in his position as class representative, leave to intervene is denied.

There is support for denial of intervention in this situation, by analogy to two decisions concerning intervention by the Equal Employment Opportunity Commission. (E.E.O.C.) The statutes creating the Ohio Civil Rights Commission and the E. E. O. C. are different, but are quite similar in terms of policy considerations. The Ohio Civil Rights Commission agrees:

> In the civil rights area both federal and state law overlap. The Ohio Civil Rights Act parallels Title VII of the Federal Civil Rights Act of 1964. . . . Decisions under Title VII are persuasive in construing the Ohio Act. (Motion of Ohio Civil Rights Commission to Intervene, p. 6.)

The Court agrees, and thus finds support for its position herein in Thornton et al. v. East Texas Motor Freight, Inc., 454 F.2d 197 (6th Cir. 1972) and Braddy et al. v. Southern Bell Telephone and Telegraph Co., 458 F.2d 666 (5th Cir. 1972). In these cases, both Courts of Appeal found that E. E. O. C. intervention in private actions was properly denied. The courts observed that the E. E. O. C. was not empowered to intervene in these suits, and for similar reasons, this Court comes to the same conclusion in regard to intervention by the Ohio Civil Rights Commission in this suit.

The earlier order of this Court allowing intervention having been entered inadvertently on April 4, 1974, it is withdrawn, and the motion for intervention by the Ohio Civil Rights Commission is denied.

The Court appreciates, though, that the Commission has an interest in these proceedings, and further, possesses considerable expertise in this area. For these reasons, the Court would be receptive to any briefs on matters of law or evidentiary presentations which the Ohio Civil Rights Commission would find appropriate as an *amicus curiae*.

It is so ordered.

## ORDER

Percy Simmons, plaintiff in Simmons v. Republic Steel Corp. et al. C 74–57

(now pending in this Court), has filed an application for intervention in this action, pursuant to Rule 24, Federal Rules of Civil Procedure. Plaintiff in this case does not oppose intervention; the defendants do.

■ The Court finds no basis for intervention under Rule 24(a).[1] As to permissive intervention under Rule 24(b), there are arguably grounds for intervention. But such motions are addressed to the discretion of the Court, Thornton et al. v. East Texas Motor Freight, Inc., 454 F.2d 197 (6th Cir. 1972), and the Court finds a more appropriate resolution of this situation exists under Rule 42(a), F.R.C.P.

■ There appear to be some common questions of fact in these two cases, and an analysis of the complaints indicates that the legal issues are almost identical. It may be that ultimately the class in the instant case should be recertified to include Mr. Simmons. By directing consolidation, however, the Court retains a flexibility of control that allows the cases to proceed jointly in those matters in which joint proceedings would be effective, and to be treated separately should separation be indicated.

Since there will be no intervention, the motion by plaintiff herein to join as new defendants two additional local unions is denied, the Court finding that the arguments advanced by plaintiff to allow joinder are without merit, particularly since this case had been pending in this Court for over two years when plaintiff's motion was made.

Therefore, the motion by Percy Simmons for leave to intervene is denied, plaintiff's motion to add new parties defendant is denied and case C 74–57, Simmons v. Republic Steel Corp. et al., is ordered consolidated with this case for future proceedings. It is so ordered.

1. Simmons is not a member of the class herein.