**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**FIRST ALABAMA BANK OF MONTGOMERY, N.A., Defendant.**

Civ. A. No. 76–184–N.

United States District Court, M. D. Alabama, N. D.

Jan. 21, 1977.

---

Roland Nachman, Montgomery, Ala., for defendant.

Robert Lenrow, of EEOC, Washington, D. C., for plaintiff.

HAND, District Judge.

Defendant's motion for summary judgment to the plaintiff's claim of entitlement to relief from defendant's failure to comply with the Order of this Court entered in the case of *Henderson v. First National Bank of Montgomery*, reported 360 F.Supp. 531, D.C.Ala., is now submitted. As to this motion the Court finds:

### FINDINGS OF FACT

1. The plaintiff's action instituted pursuant to § 706(i) of Title 7 of the Civil Rights Act of 1964, as amended, 42 U.S. C.A., § 2000e–5(i) (Supplement III, 1972) gives this Court jurisdiction of the matter.

2. The complaint seeks to have this Court permanently enjoin the defendant from its alleged failure to carry out the decree rendered in Civil Actions No. 3592–N and 3755–N (herein referred to as the Henderson Order) reported 360 F.Supp. 531; to make whole those persons adversely affected by the defendant's non-compliance; by modifying the Order to require hiring goals; to award the Commission its costs, and to grant such other relief as might be appropriate.

3. On September 17, 1976, the Court denied defendant's motion to dismiss and held that the plaintiff had standing to seek enforcement of prior orders of the Court alleged to have been violated. It was argued, additionally, that plaintiff was entitled to do more than simply enforce the prior order; that it should be permitted to reliti-

gate in whole or in part the issues made the basis of that order. As to this the Court did not agree.

4. Under the requirement of the Henderson Order reports have been filed with this Court reflecting compliance. In addition, defendants have also filed required EEOC reports.

5. The plaintiff contends the motion for judgment is premature in that it has not been given the opportunity to develop all of the facts and without this privilege being fully accorded it would be improvident to conclude that there is no dispute.

6. The defendant contends that no amount of discovery will disclose the dispute of fact and the discovery processes of the Court ought not to be utilized in an effort and hope to discover the existence of a case when none is there.

7. There is a showing that no party or class member affected by the Henderson Order has registered any complaint with plaintiff. The Court has had an occasion to review thirteen of the reports submitted by the defendant in compliance with the Henderson Order and has initiated no action relative thereto nor has anyone else connected with the matter.

8. The argued theory expressed by plaintiff's counsel is that the defendant has not established required quotas as reflected by the percentage of available blacks in the work force as was the contemplation of the Henderson Order. The parties agree that the number of blacks in the total Montgomery work force is now roughly 26 percent (down from 31.5% at the time of the entering of the Henderson Order). The percentage of the number of black to white employees of the defendant is now 14.6 percent. Though this is up from the 11% at the time of the entering of the Henderson Order, plaintiff argues it shows little or too slow a rate of progress toward meeting required goals. These raw statistics also show a need for additional right to discovery, because such may develop other areas wherein defendant might have breached the Henderson Order.

9. The defendant is not required by the Henderson Order to discharge any employee in order to strike a racial balance nor is it required to hire incompetents to reach any quota. It is required to exercise good faith in adjusting its employment practices in an effort to reach a racial balance commensurate with the availability of blacks to the work force. The evidence does show that in complying with this requirement the defendant has been employing blacks at a rate of 61.5% over whites.

10. Plaintiff's complaint does not aver, nor has plaintiff been able to demonstrate to the Court potential sources of evidence from which a factual situation could be developed that gives rise to any conclusion that defendant has violated the Henderson Order.

### CONCLUSION OF LAW

Title 42, U.S.C.A., § 2000e–5(i) provides that "in any case in which an employer, * * * fails to comply with the order of a court issued in a civil action brought under this section, the Commission may commence proceedings to compel compliance with such order".

■ The foregoing statute does not authorize the EEOC to commence a new complaint. *Braddy v. Southern Bell*, 458 F.2d 666 (5th Cir. 1972); *United States v. Allegheny Ludlum Industries, Inc.*, 517 F.2d 826 (5th Cir. 1975); *EEOC v. United Association of Journeymen, Local 189*, 438 F.2d 408 (6th Cir. 1971) *cert. denied* 404 U.S. 832, 92 S.Ct. 77, 30 L.Ed.2d 62.

■ In order for the defendant to succeed on its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure it must demonstrate by the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*

■ The Fifth Circuit does not encourage the granting of summary judgments. *Scott Paper Company, et al. v. Adair Truck and*

*Equipment Company, Inc., et al.*, 542 F.2d 1257, decided December 1, 1976. There are instances, however, where summary judgment is justified. The plaintiff can petition to enforce the prior order issued three years ago, but not on the nebulous grounds presented where there is no evidence to sustain its theory. The raw statistics proffered are not sufficient to make a justiciable controversy where the only basis to support the plaintiff's theory is the argument of counsel. Enforcement of the Court's Order by utilizing the right afforded by this statute can be done, but an effort to reverse that Order, which was not previously attacked on appeal, is not allowed. The Court retained jurisdiction for the specific purpose of monitoring the defendant's compliance with the Order and though plaintiff might feel that progress is being made too slowly, this does not give rise to a justiciable issue cognizable by the Court and the matter is ripe for summary judgment.