William SCHNEIDER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Paul F. Seger, Karen M. Seger, Douglas W. Matschullat, and Helen Sue Matschullat, Plaintiffs,

v.

United States of America, Defendant.

Timothy M. Gray and Margaret S. Gray, Plaintiffs,

v.

United States of America, Defendant.

Lazy Horseshoe Ranch, Plaintiff,

v.

United States of America, Defendant.

Nos. 8:99CV0315, 4:99CV3056, 4:99CV3154, 4:99CV3153.

United States District Court, D. Nebraska.

July 21, 2000.

James R. Baarda, Nels J. Ackerson, Cecilia Fex, Ackerson Group, Washington, DC, for plaintiff.

Sally R. Johnson, Assistant United States Attorney, Lincoln, NE, Marc A. Smith, U.S. Department of Justice, Land & Natural Resources Division, Washington, DC, Kristine S. Tardiff, U.S. Department of Justice, Environment & Natural Resources, Concord, NH, for defendant.

Alan L. Rupe, Husch, Eppenberger Law Firm, Wichita, KS, Cornish F. Hitchcock, Washington, DC, for intervenor-defendant.

John E. Foulston, John T. Conlee, Foulston, Conlee Law Firm, Wichita, KS, for interested parties.

## MEMORANDUM AND ORDER

STROM, Senior District Judge.

This matter is before the Court on the report and recommendation of the magistrate judge (Filing No. 65 in 8:99CV0315; Filing No. 64 in 4:99CV3056; Filing No. 16 in 4:99CV3153; Filing No. 42 in 4:99CV3154), in which he ordered that all four of the above referenced cases be consolidated, plaintiff William Schneider and Rails to Trails Conservancy ("RTC") be allowed to intervene into the *Seger* and *Gray* cases as plaintiff and defendant respectively. The magistrate judge also recommended that the motion for certification for a national class made by Seger and Gray be denied and that a class be certified for Nebraska residents for a limited purpose with Schneider acting as class representative.

Defendants United States and RTC filed objections to the magistrate judge's recommendation to allow class certification consisting of Nebraska landowners for the limited purpose stated by the magistrate judge (Filing No. 67 in 8:99CV0315; Filing No. 69 in 4:99CV3056; Filing No. 17 in 4:99CV3153; and Filing No. 47 in 4:99CV3154) (Filing No. 68 in 4:99CV3056 and Filing No. 46 in 4:99CV3154). Plaintiff Schneider filed a brief opposing the objections of the United States and RTC. Finally, plaintiffs Seger and Gray appealed (Filing No. 70 in 4:99CV3056; Filing No. 48 in 4:99CV3154) the magistrate judge's order that Schneider be allowed to intervene, and objected to the recommendation that the class be narrowly defined for a limited purpose, and that Schneider be appointed class representative.

For purposes of this order, the Court adopts the background and procedural history as set forth by the magistrate judge in his report and recommendation (Filing No. 65 in 8:99CV0315; Filing No. 64 in 4:99CV3056; Filing No. 16 in 4:99CV3153; Filing No. 42 in 4:99CV3154).

## I. STANDARD OF REVIEW

Two issues have been presented by the parties with respect to the magistrate judge's memorandum, order and recommendation. First, objections have been filed to the magistrate judge's recommendation that there be a certification of a class consisting of Nebraska landholders for the purpose of determining whether and under what circumstances an unconstitutional taking occurred and to the appointment of William Schneider as class representative. The applicable standard of review requires the Court to make a *de novo* determination of those portions of the magistrate judge's report to which objection is made. 28 U.S.C. § 636(b)(1)(C).

The second issue involves an appeal from the magistrate judge's order granting the motions of William Schneider to intervene. The applicable standard is set forth in 28 U.S.C. § 636(b)(1)(A), and provides that the Court "may reconsider any pretrial matter [that was appropriately before a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

## II.  DISCUSSION

### A.  Class Certification and Representation

■ Rule 23 class certification serves three purposes: "(1) to facilitate judicial economy by the avoidance of multiple suits on the same subject matter . . .; (2) to provide a feasible means for asserting the rights of those who would not have a realistic day in court if the class action were not available . . .; and (3) to deter inconsistent results, assuring a uniform, singular determination of rights and liabilities." *Buford v. H & R Block, Inc.,* 168 F.R.D. 340, 345 (S.D.Ga. 1996) (citing *American Pipe and Constr. Co. v. Utah,* 414 U.S. 538, 550, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); and *First Federal of Michigan v. Barrow,* 878 F.2d 912, 919 (6th Cir.1989)).

■ Schneider filed an amended complaint seeking certification of a class:

consisting of all persons who are residents of the State of Nebraska who own an interest in land in the State of Nebraska constituting part of a railroad corridor on which a railroad company had a right to operate a railroad, and which corridor is now or has been occupied or controlled for trail use by reason of Trail Use Orders issued by the Interstate Commerce Commission or the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1241 et seq., and who have been damaged in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Orders, or who waive claims exceeding $10,000 for such damages.

Schneider's Amended Class Action Complaint at ¶ 8 (Filing No. 62 in 8:99CV0315). Under the federal rules, an action may be certified as a class action if (1) the class is so numerous that joinder of all the members is impracticable, (2) there are common questions of law or fact among class members, (3) the claims or defenses of the representative are typical of those of the class, and (4) the representative parties will fairly and adequately protect the interests of all the class members.  Fed.R.Civ.P. 23(a).  In addition to satisfying all the requirements of subsection (a), the plaintiff must also demonstrate that class certification is appropriate under either Rule 23(b)(1), (2) or (3).

1.  Rule 23(a).

■ First, the plaintiff must demonstrate that the class is so numerous that joinder of all the members is impracticable.  In his amended complaint, Schneider claims that the class would consist of over one thousand (1000) members.  The magistrate judge found this meets the numerosity requirement.  No party objects to that conclusion.  *See Boyd v. Ozark Air Lines, Inc.,* 568 F.2d 50, 55 (8th Cir.1977) (stating that "a trial court should make its determination of whether impracticability exists based upon all the circumstances surrounding the case") and *Caroline C. v. Johnson,* 174 F.R.D. 452, 462–63 (D.Neb.1996) (stating that "[n]o absolute or arbitrary number satisfies the numerosity requirement").  The Court finds the numerosity requirement of Fed.R.Civ.P. 23(a)(1) is met.

■ The second requirement found in Fed.R.Civ.P. 23(a)(2), often called commonality, raises concerns among those objecting to the class certification.  As a preliminary matter, the United States claims that because Schneider did not motion for statewide certification, they were not given the opportunity to respond.  This argument has no merit because a request for class certification need not be made by motion; rather, as in this case, it may appear on the face of the complaint.  *See, e.g., Cook County College Teachers Union v. Byrd,* 456 F.2d 882, 885 (7th Cir.1972) (noting that the party seeking to utilize the class action must allege facts in its

complaint that bring the action within the requirements of Rule 23). In addition, the United States and RTC had ample opportunity to respond to the amended complaint by filing an answer. The United States did file an answer, wherein it denied that this case was appropriate for class certification. (Defendant United States' Answer to Amended Complaint at ¶ 8, Filing No. 63 in 8:99CV0315).

The United States also claims that no party requested state-wide class certification. Beyond Schneider's amended complaint and the reference to a narrower class definition in a footnote to Seger and Gray's reply brief for class certification, a judge has the discretion to define a class and need not strictly follow the request of the parties. *See Lundquist v. Security Pacific Automotive Fin. Serv. Corp.*, 993 F.2d 11, 14 (2nd Cir.1993) (recognizing that a court can, under Rule 23(c)(4), carve out an appropriate class from that proposed by the party); *Robidoux v. Celani*, 987 F.2d 931, 937 (2nd Cir.1993) (stating that a court is not bound by the class proposed in a complaint); and *Harris v. General Dev. Corp.*, 127 F.R.D. 655, 659 (N.D.Ill. 1989) (noting that the court could limit or redefine the class).

As to the merits of the commonality requirement, the United States, joined by RTC, claims that the Fifth Amendment Takings inquiry is so highly fact-specific that this case fails to meet the commonality requirement. However, a determination of the conditions under which liability for a taking would attach is similar in every case. This threshold inquiry involves questions of state law applicable to all the cases. More specifically, every case requires the Court to determine whether the Rails–to–Trails Act, which is an act of Congress, constitutes taking of private land for public use, which necessarily involves questions of abandonment and whether interim trail use is considered a railroad purpose and/or use. Although the United States and RTC may be correct in their assertion that a takings inquiry is highly fact-specific, the class certification is limited to the common issues mentioned above and does not include determinations of title or the amount of damages as a result of the

taking; those individual issues need not be resolved prior to the common issues. The commonality requirement for this limited purpose is met.

All parties objecting to the certification of the class as recommended by the magistrate judge claim that Schneider does not meet the requirements necessary to act as class representative. Often referred to as the typicality requirement under Rule 23(a)(3), a class representative must have claims or defenses similar to those of the class. Seger and Gray state that they more adequately represent the class because they represent all Nebraska landowners affected by the Rails–to–Trails scheme, not just those with less than $10,000 damage.

Claims against the United States for damages must be brought according to the Tucker Act and Little Tucker Act. The Tucker Act, 28 U.S.C. § 1491, requires that claims against the United States founded upon the United States Constitution be brought in the United States Court of Federal Claims. This jurisdiction is deemed to be exclusive to that court, except as provided in the Little Tucker Act. *Eastern Enterprises v. Apfel*, 524 U.S. 498, 520, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998). The Little Tucker Act, 28 U.S.C. § 1346, gives district courts concurrent jurisdiction with the United States Court of Federal Claims if the claim against the United States does not exceed $10,000. Due to this scheme, Seger and Gray's argument that they would more adequately serve as class representatives fails. In fact, a portion of the class they propose to represent would have to be dismissed for lack of subject-matter jurisdiction. All Nebraska residents with claims exceeding $10,000 would have to bring their action in the United States Court of Federal Claims.

Apart from the claims of Seger and Gray, the United States and RTC argue, with regard to the typicality requirement, that in the absence of title documentation for Schneider and the class members, the court cannot determine the typicality of Schneider or the class member's claims or defenses. All members of the class, by its very definition, claim that the Rails–to–Trails Act effec-

tuates a taking of their property for public use. Each member of the class, including Schneider, is seeking compensation under the Little Tucker Act and Fifth Amendment for unlawful taking as a result of the operation of the Rails–to–Trails Act. The Court finds that Schneider meets the typicality requirement to act as class representative.

The last requirement found in Fed. R.Civ.P. 23(a)(4), adequacy of representation, is also met by Schneider. Schneider is represented by counsel, and no party raises any question of the adequacy of the representation. In fact, Schneider's counsel, the Ackerson Group, has acted as either lead or co-lead counsel in a number of similar cases involving railroad right-of-way land. (Affidavit of Nels J. Ackerson at ¶ 3.)

2. Rule 23(b).

■ Plaintiffs must also demonstrate that class certification is appropriate under Fed. R.Civ.P. 23(b)(1), (2) or (3). The Court finds that certification is appropriate under Rule 23(b)(3), which provides:

[a]n action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As discussed in the commonality requirement under subsection (a), the limited class certification only embodies common questions of law and fact, and leaves to individual determination title issues and damage amounts. The class also is limited to Nebraska landowners, making this Court the desirable forum for the litigation of the claims. Finally, a class action is superior to other available methods of adjudication. Individual claims could amount to as many as one thousand (1000) separate lawsuits, involving common questions of law and fact. This would be costly and inefficient and could lead to inconsistent outcomes. Rule 23(b)(3) is satisfied.

In conclusion, the magistrate judge's decision to certify a class of Nebraska landowners for a limited purpose will be approved. The Court finds this class is as follows: All persons who own an interest in land constituting a railroad corridor in the State of Nebraska, and which is now occupied or controlled for trail use pursuant to the National Trails System Act, and who have been damaged in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of a Trail Use Order, or who waive claims exceeding $10,000. This class is certified for the limited purpose of determining whether and under what circumstances an unconstitutional taking occurred. This class excludes railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States for compensation in the same interests in land.

B. Intervention of Plaintiff Schneider

■ The plaintiffs in the *Seger* and *Gray* cases appeal the magistrate judge's order that Schneider be allowed to intervene as a matter of right under Fed.R.Civ.P. 24. They claim that the magistrate judge erred because Schneider's interests were adequately protected by the magistrate judge's consolidation order. Defendant United States claims that the magistrate judge's decision to allow Schneider to intervene prior to defining the class and appointing class representatives was not clearly erroneous and thus need not be reconsidered by this Court. Schneider claims that he meets all the requirements to intervene as a matter of right. In light of the magistrate judge's recommendation that the cases be consolidated and nation-wide certification be denied, without objection by the parties, the Court finds that Schneider should not be allowed to intervene into the *Seger* and *Gray* cases as a plaintiff.

■ Rule 24(a) provides that a party may intervene if the party has an interest in the litigation that is not adequately protected by the existing parties. *Mausolf v. Babbitt,* 85 F.3d 1295, 1299 (8th Cir.1996). However, where consolidation has already been or-

dered, common questions of fact and law do not require intervention. *See Brewer v. Republic Steel Corp.*, 64 F.R.D. 591, *aff'd* 513 F.2d 1222 (6th Cir.1975) (denying a motion to intervene where the cases appeared to have common questions of law and fact, but where consolidation was already granted). The reason for consolidation as opposed to intervention, despite a liberal construction of the intervention requirements, is that a party whose action is nearly identical to the action with which it has been consolidated cannot satisfy the requirement that his/her interests are not adequately protected.

The magistrate judge's order, report and recommendation found Schneider met the elements for intervention as a matter of right. Specifically, the magistrate judge found "the decision of whether [sic] not the interim trail use of land formerly occupied by railroad companies constitutes takings for public use without just compensation directly impairs and impedes Schneider's right to possess, control and enjoy this interest." (Magistrate judge's report and recommendation at 9). In addition, citing *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 999 (8th Cir.1993), the magistrate judge found that Schneider's interest were narrower and more parochial, and thus he met the minimal burden to show inadequate representation.

The magistrate judge's reliance on *Mille Lacs* is misplaced in this case. *Mille Lacs* involved a treaty between the United States and the tribe, whereby the tribe gave certain property to the State of Minnesota. Nine (9) counties, either partially or totally located within the ceded territory, and a number of landowners with interests in the ceded land, sought to intervene. On appeal of the denial of their motions, the Eighth Circuit found that the litigation could effect the counties' and landowners' enjoyment of their property and property values; thus intervention was proper. Furthermore, the court found that the counties' and landowners' interests in maintaining property values was narrower than the State of Minnesota's interest in generally protecting fish and game. *Mille Lacs*, 989 F.2d at 1001. The counties and landowners did not file separate actions.

*Mille Lacs* presents a completely different factual and procedural history than this case. Schneider's action was originally filed in Kansas, then was transferred to Nebraska. He filed an amended complaint seeking certification of a narrow class of Nebraska landowners. He claims his interest was narrower than Seger's and Gray's in that he sought to represent only those plaintiffs who suffered less than $10,000 in damages in Nebraska, whereas Seger and Gray sought to certify a national class of landowners. In fact, the magistrate judge denied certification of a nation-wide class, and no party objects to this recommendation. Schneider does not demonstrate that his interests are not adequately represented in the *Seger* and *Gray* cases when those cases are not class actions and do not have *res judicata* effect on his claim. Schneider's class action certification was granted, and he was appointed class representative. He has every opportunity to vindicate his rights without intervention. In addition, intervention would result in duplicative actions essentially initiated by the same individual. *See In re Raabe*, 71 F.Supp. 678, 680 (D.C.N.Y.1947) (holding that an intervenor is for all intents and purposes an original party to the action); *Godfrey L. Cabot, Inc. v. Binney & Smith Co.*, 46 F.Supp. 346, 347 (D.N.J.1942) (same).

Schneider has failed to meet the requirements of intervention under Fed.R.Civ.P. 24 in light of the magistrate judge's recommendations to deny the nation-wide class certification and consolidate all four cases. Therefore, the magistrate judge's order is contrary to law. Schneider's motion to intervene (Filing No. 37 in 4:99CV3056 and Filing No. 14 in 4:99CV3154) will be denied.

Also pending is the motion of the United States for judgment on the pleadings, or in the alternative, for transfer to the United States Court of Claims (Filing No. 14 in 8:99CV315). This motion was filed expressly because of the broad application for class determination made by plaintiffs. In view of the Court's ruling on the scope and the limited nature of the class, this motion has been rendered moot and will be denied without prejudice.

IT IS ORDERED:

1) Plaintiffs Seger's and Gray's appeal from the magistrate judge's order allowing Schneider to intervene is granted, and the motions to intervene filed by William Schneider (Filing No. 37 in 4:99CV3056 and Filing No. 14 in 4:99CV3154) are denied;

2) Plaintiffs Seger's and Gray's objection (Filing No. 70 in 4:99CV3056; Filing No. 48 in 4:99CV3154) to the magistrate judge's class certification and appointment of Schneider as class representative is denied;

3) Defendant United States' objection to the magistrate judge's class certification and appointment of Schneider as class representative (Filing No. 67 in 8:99CV0315; Filing No. 69 in 4:99CV3056; Filing No. 17 in 4:99CV3153; and Filing No. 47 in 4:99CV3154) is denied;

4) Defendant-intervenor Rails-to-Trails Conservancy's objection to the magistrate judge's class certification (Filing No. 68 in 4:99CV3056 and Filing No. 46 in 4:99CV3154) is denied.

5) The motion of the United States for judgment on the pleadings, or in the alternative, for transfer to the United States Court of Claims (Filing No. 14 in 8:99CV315) is denied without prejudice.

6) The report and recommendation of the magistrate judge (Filing No. 65 in 8:99CV0315; Filing No. 64 in 4:99CV3056; Filing No. 16 in 4:99CV3153; Filing No. 42 in 4:99CV3154) is approved and the following class is certified:

> All persons who own an interest in land constituting a railroad corridor in the State of Nebraska, and which is now occupied or controlled for trail use pursuant to the National Trails System Act, and who have been damaged in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of a Trail Use Order, or who waive claims exceeding $10,000. This class is certified for the limited purpose of determining whether and under what circumstances an unconstitutional taking occurred. This class excludes railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States for compensation in the same interests in land.

7) Plaintiff Schneider is directed to submit to the Court by August 7, 2000, a proposed notice to class members and his plan for providing notice to the potential class members for the Court's approval. Seger, Gray, United States, and Rails-to-Trails Conservancy shall have until August 18, 2000, to submit objections to the form or content of the notice and plan.