**Frank C. BREWER, Individually, and on behalf of all others similarly situated, Plaintiffs,**

v.

**REPUBLIC STEEL CORPORATION et al., Defendants-Appellees,**

**Ohio Civil Rights Commission, Applicant for Intervention-Appellant.**

No. 74–1998.

United States Court of Appeals, Sixth Circuit.

April 18, 1975.

William J. Brown, Atty. Gen. of Ohio, Stephen J. Simmons, Andrew J. Ruzicho, Columbus, Ohio, for plaintiffs.

Leonard F. Lybarger, Rudd, Karl, Sheerer, Lybarger & Campbell Co., L. P. A., Cleveland, Ohio, for Brewer.

Victor DeMarco, James C. Sennett, Jones, Day, Cockley & Reavis, Cleveland, Ohio, Rudolph L. Milasick, Carl B. Frankel, Pittsburgh, Pa., Melvin S. Schwarzwald, Metzenbaum, Gaines, Finley & Stern, Cleveland, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

This case presents the question whether the Ohio Civil Rights Commission

(Commission) is entitled to intervene in a private employment discrimination suit brought in federal court under 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The District Court denied the motion to intervene but invited the Commission to participate as an amicus curiae by filing briefs and by making evidentiary presentations. We affirm.

In September 1971, Frank Brewer, individually and on behalf of other persons similarly situated, commenced this action in the District Court against Republic Steel Corporation and against the United Steelworkers of America and its Local Union No. 1098. The complaint alleged a variety of racially discriminatory employment practices and prayed for appropriate injunctive and monetary relief.

It appears that similar discrimination charges against Republic Steel had been lodged with the Commission. Accordingly, in December 1972 the Commission initiated an investigation of the company pursuant to Ohio Rev.Code Ann. § 4112.-04(B)(2) (1973). In March 1974, the Commission filed a motion under Fed.R. Civ.P. 24 to intervene as a plaintiff in the pending class action. District Judge Thomas D. Lambros denied the motion, holding that the Commission was not entitled to intervene as a matter of right under Rule 24(a) and declining to grant permissive intervention under Rule 24(b).

The Ohio Civil Rights Commission is the agency charged with the responsibility of administering and enforcing Ohio's civil rights act, Ohio Rev.Code Ann. §§ 4112.01–.99 (1973). The Commission receives and investigates charges of unlawful discriminatory practices, and it first must attempt to eliminate violations by means of conference, conciliation, and persuasion. If these informal methods are unsuccessful, the Commission issues a formal complaint and holds a hearing at which the Ohio Attorney General presents evidence in support of the complaint. If the Commission finds from the evidence that illegal discrimination has occurred, it may issue a cease-and-desist order, and it may grant other relief, such as reinstatement or back pay. Review or enforcement of Commission orders may be obtained only in the common pleas court, which has exclusive jurisdiction.

On appeal, the Commission first argues that it has a right to intervene under Rule 24(a)(2), which provides that intervention must be permitted if (1) "the applicant claims an interest relating to the property or transaction which is the subject of the action;" (2) the applicant "is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest;" and (3) the applicant's interest is not adequately represented by existing parties. The Commission urges that its duty to enforce the Ohio civil rights laws, which are similar to their federal counterparts, gives rise to an interest in Mr. Brewer's action. The Commission believes that the stare decisis effect of a judgment in the District Court may impair its ability to enforce the Ohio laws against Republic Steel and the unions in a subsequent state court proceeding. Finally, the Commission contends that its administrative resources and its access to relevant facts make it unlikely that a private plaintiff could represent its interests adequately.

■ We believe that the Commission has not shown the sort of direct, substantial interest in this litigation that Rule 24(a) requires. *See* Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1124 (5th Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); 3B J. Moore, Federal Practice ¶ 24.09–1[2] (1974). The Commission's duty—and its interest—lies in enforcing the Ohio civil rights statutes, not the parallel federal laws. The federal and state provisions relating to employment discrimination overlap in application. Nevertheless, they do provide separate and independent avenues of relief that were not designed to be pursued through a unitary enforcement procedure. *See* Alexander v. Gardner-Denver Co., 415 U.S. 36, 47–

49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); Cooper v. Philip Morris, Inc., 464 F.2d 9 (6th Cir. 1972). No doubt the Commission would find it convenient if the result reached in the federal suit were consistent with the Commission's assessment of the defendants' liability under the Ohio statutes. This is not, however, the type of interest contemplated by Rule 24(a).

In this connection, Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694 (1967), upon which the Commission relies heavily, provides a useful comparison. In *Nuesse,* a Wisconsin state bank had commenced an action against the United States Comptroller of the Currency seeking to prevent approval of a national bank's application to open a branch near the plaintiff bank's office. The complaint was based upon 12 U.S.C. § 36(c), which, in an attempt to promote competitive equality between state and national banks, permits branching of national banks only if state banks are permitted to branch under state law. Plaintiff took the position that Wisconsin law generally prohibits branching by state banks. The Wisconsin Commissioner of Banks moved to intervene, alleging that he was charged with enforcing all Wisconsin banking laws.

In the course of its opinion holding that the Commissioner had a right to intervene under Rule 24(a), the court addressed the following comments to the interest requirement:

> We not only have the greater impetus to intervention that inheres in administrative cases, but in addition the "interest" of the state commissioner is underlined by the circumstance that the regulation of national banking is an area in which Congress, in the exercise of delegated federal power, has for various policy reasons decided to adopt and incorporate state law on issues of common concern. This admixture of national and state policies, attaching national legal force to the state policy, yields the corollary that a state official directly concerned in effectuating the state policy has an "interest" in a legal

controversy involving the Comptroller which concerns the nature and protection of the state policy.

\* \* \* \* \* \*

> Where Congress has been most deliberate in promoting a policy of equal opportunity by adopting state law on the subject, we think the courts may not be insensitive to the request by the official charged with administering the state's banking laws to appear as a party to urge the construction of the federal statute that he claims is necessary to secure the state's interests, and hence the congressional objectives.

385 F.2d at 700–01.

The court in *Nuesse* found it significant that application of the federal law in question depended upon the proper interpretation of state law within the intervenor's administrative jurisdiction. By contrast, in the case at bar the federal and state statutes are not interdependent. Congress did not adopt or incorporate state law into the substantive provisions of Title VII, and we see nothing in either body of law that reflects an "admixture of national and state policies." *Nuesse,* therefore, does not compel a conclusion that intervention should have been granted as a matter of right in this case. To the contrary, it suggests to us that, because of the separate, self-contained nature of Title VII and of the Ohio civil rights act, the Commission does not have the kind of substantial interest in this litigation that Rule 24(a) contemplates.

Since we conclude that the Commission has not satisfied the interest requirement of Rule 24(a), we need not consider the other prerequisites to intervention as a matter of right. We simply hold that the District Court did not err in deciding that Rule 24(a) does not confer upon the Commission a right to intervene in this litigation.

■■ The Commission also moved for permissive intervention under Rule 24(b)(2), which provides in relevant part that "anyone may be permitted to intervene in an action . . . when an

applicant's claim or defense and the main action have a question of law or fact in common." A motion under Rule 24(b) is addressed to the sound discretion of the District Court. Afro American Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974); Thornton v. East Texas Motor Freight, Inc., 454 F.2d 197 (6th Cir. 1972). In the past, trial courts have exercised this discretion in favor of state civil rights commissions in situations similar to the case at bar. *See* Youngblood v. Dalzell, 6 CCH Emp.Prac. Dec. ¶ 8719, at 5179 (S.D. Ohio June 25, 1973); United States v. Steam Workers Local 638, 347 F.Supp. 164 (S.D.N.Y. 1972). These cases, of course, do not compel a conclusion that Judge Lambros abused his discretion in this case. Rule 24(b) contemplates that judges may properly reach different decisions in generally similar circumstances.

In support of its contention that the District Court abused its discretion, the Commission points out that it has gathered substantial amounts of information about Republic Steel and that it has general expertise in the area of employment practices. In addition, the Commission notes that refusal to permit intervention may necessitate some duplication of pretrial preparation and will create a risk of inconsistent state and federal decisions.

■ We believe that many of these problems can be avoided if the Commission accepts the District Court's invitation to participate in the litigation as an amicus curiae. Surely this role will afford the Commission ample opportunity to give the court the benefit of its expertise. Moreover, the District Court apparently will receive and consider any admissible evidence that the Commission chooses to offer. Finally, it cannot be denied that the litigation in the District Court could produce a result inconsistent with a decision that might be reached— or that the Commission may hope to reach—in a parallel state proceeding. The Commission's active participation as an amicus curiae should minimize this risk. Beyond that, we observe that such conflicts are a natural consequence of the legislative judgment that federal and state remedies for employment discrimination both should be available to an aggrieved employee. *See* Alexander v. Gardner-Denver Co., 415 U.S. 36, 47–49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

On this record, we see no basis for holding that Judge Lambros abused his discretion in this case. Accordingly, the judgment of the District Court is affirmed and the case is remanded. Costs are taxed against the Ohio Civil Rights Commission.