**Robert BLAKE et al., Plaintiffs,**

v.

**Sant PALLAN et al.,
Defendants-Appellees,**

v.

**Willie R. BARNES, Commissioner of Corporations of the State of California, Plaintiff-In-Intervention/Appellant.**

**No. 76–2437.**

United States Court of Appeals,
Ninth Circuit.

May 26, 1977.

---

Bruce S. Flushman, Deputy Atty. Gen., San Francisco, Cal., argued for plaintiff-in-intervention/appellant.

Gerhard Stoll, San Francisco, Cal., argued for defendants-appellees.

Before BARNES and WALLACE, Circuit Judges, and KELLEHER, District Judge.*

BARNES, Senior Circuit Judge:

## I. FACTS and ISSUES.

In July, 1973, Willie R. Barnes, Commissioner of Corporations of the State of California ("Commissioner"), brought an action in the State Superior Court ("State Action") alleging violations of California Corporate Securities Laws by certain individuals and corporations involved in selling interests in limited partnerships formed ostensibly for the purpose of acquiring and developing land near three small airports in California.[1] In February, 1974, another action[2] was filed against the same defendants by persons purporting to represent a class of some 1,000 investors.

On December 16, 1974, the present action was filed in the United States District Court, Northern District of California as a class action on behalf of the investors. The complaint alleged two causes of action grounded on Federal Securities Law violations and three pendent counts based on California State Securities and Civil Fraud Laws. Six promoter defendants and fifty-two salesmen defendants were named. The district court denied the plaintiff's motion

---

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

1. The Appellant's Brief states that, while substantial preliminary relief was ordered by the state court (a preliminary injunction and the appointment of a receiver), the State Action is dormant pending the determination of this appeal.

2. The investor-plaintiffs' class action in state court has been consolidated with the Commissioner's State Action.

to designate a class on September 16, 1975. A second amended complaint was filed on December 10, 1975 in which over 100 individuals were added as plaintiffs and certain defendants were dropped.

On November 28, 1975, the Commissioner moved to intervene as a party plaintiff pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure ("FRCP") and a proposed complaint was filed. After written and oral argument on the issue, the district court granted the motion on January 29, 1976. The Commissioner filed his complaint-in-intervention [3] which contained three new causes of action, all based on California Securities Law. Thereafter, one of the defendants, Pheffer, moved to dismiss said complaint-in-intervention and was subsequently joined by certain, but not all, of the other defendants. On May 26, 1976, after written and oral argument, the district court, pursuant to Rule 60(a) of the FRCP, corrected its Order Granting Motion to Intervene as Party Plaintiff to reflect that such intervention had been granted solely under Rule 24(b) of the FRCP ("permissive intervention"). It further ordered that the motion of the Commissioner to intervene under Rule 24(a) of the FRCP ("intervention of right") was denied, and that the complaint-in-intervention was thereupon dismissed for lack of jurisdiction. The Commissioner appeals from that judgment.

After the notice of this appeal had been filed, defendant-appellee Pheffer reached a settlement with the investor-plaintiffs and

was dismissed from the suit except for this appeal.[4]

■ Two issues arise on appeal:

(1) Did the Commissioner have a right to intervene pursuant to Rule 24(a)(2) of the FRCP?[5]

(2) Given that the Commissioner was permitted to intervene under Rule 24(b) of the FRCP, was the dismissal of his complaint-in-intervention justified due to a lack of an independent basis for federal jurisdiction?

## II. INTERVENTION OF RIGHT.

■ Rule 24(a)(2) establishes a four-fold test for intervention of right in those situations not covered by an unconditional statutory right to intervene under Rule 24(a)(1). *Stockton v. United States*, 493 F.2d 1021, 1022–23 (9th Cir. 1974); *cf.*, 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1908, p. 495 (1972) ("Wright and Miller"). "Upon [one] timely application, anyone shall be permitted to intervene in an action: . . . [two] when the applicant claims an interest relating to the property or transaction which is the subject of the action and [three] he is so situated that the disposition of the action [without his intervention] may as a practical matter impair or impede his ability to protect that interest, [and four] unless the applicant's interest is adequately represented by existing parties." Rule 24(a)(2) of the FRCP.

### A. Timeliness

No objection based on timeliness has been raised. It is generally noted that the con-

---

3. Certain of the defendants named in the complaint-in-intervention were not named in the plaintiffs' second amended complaint. See Appellant's Reply Brief, p. 1.

4. If the judgment below is reversed, appellee-Pheffer and those defendants named in the complaint-in-intervention but not in the plaintiffs' second amended complaint would be litigating in federal court solely on state law claims.

5. The majority rule, followed by this circuit, is that where a party is entitled to intervene as a matter of right, an order denying intervention is appealable; but where allowance of intervention is permissive under the court's discretion, a denial of leave to intervene is not appealable.

*Brennan v. Silver Dis. Lodge No. 50, Int. A. of M. & A. W.*, 503 F.2d 800, 803 (9th Cir. 1974). It is noted here, however, that the emerging trend is for any denial of intervention to be regarded as an appealable final order but that the appellate court should affirm unless an intervention of right was erroneously denied or the trial court abused its discretion in refusing to allow permissive intervention. 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1923, p. 627 (1972); 3B Moore's Federal Practice ¶ 24.15, p. 24–565 (1976); *cf.*, *Commonwealth of Pa. v. Rizzo*, 530 F.2d 501, 504 (3rd Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976).

cept of timeliness is a flexible one. *Mc-Donald v. E. J. Lavino Co.,* 430 F.2d 1065, 1074 (5th Cir. 1970). Timeliness has clearly been satisfied in this case.

### B. ·The Commissioner's Interest

■ No clear definition has been established by the Supreme Court or the lower courts for the "interest relating to the property or transaction which is the subject of the action" that is required for intervention of right. 7A Wright & Miller § 1908, p. 496. However, several courts, including this one, have, implicitly at least, rejected the notion that Rule 24(a)(2) requires "a specific legal or equitable interest." *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 132–136, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); *Johnson v. San Francisco Unified School District,* 500 F.2d 349, 352–353 (9th Cir. 1974); *Smuck v. Hobson,* 132 U.S.App.D.C. 372, 408 F.2d 175, 179–80 (1969); *cf., Rios v. Enterprise Ass'n Steamfitters Loc. U. # 638 of U. A.,* 520 F.2d 352, 357 (2d Cir. 1975).

Two cases are of particular relevance here. In *Cascade, supra,* 386 U.S. at 132–136, 87 S.Ct. 932, the Supreme Court found that the State of California had sufficient interest under the Old Rule 24(a)(3) to intervene in divestiture hearings resulting from a civil antitrust suit brought by the federal government against a private gas company. California's interest was founded on a general "public interest" that the acquired company, which was "a substantial factor in the California market at the time it was acquired", be restored as an effective competitor in the state—an element which the Court did not feel was adequately handled by the federal government. *Id.* Likewise, in *Nuesse v. Camp,* 128 U.S.App.D.C. 172, 385 F.2d 694 (1967), the District of Columbia Court of Appeals granted intervention of right to the Wisconsin Banking Commissioner, as plaintiff, in a suit brought by a state bank against the United States Comptroller of Currency to enjoin the latter from authorizing a national bank to open a branch bank in Wisconsin where the state law did not permit branch banking. Two reasons were given to support the finding of interest. First, it was noted that the requirements of Rule 24 were tailored for ordinary civil litigation and should receive "other than literal application in atypical cases", particularly in administrative cases. *Nuesse, supra,* 385 F.2d at 700. Second, given that the issue involved "overlapping fact and intertwined [federal and state] law" in an area where Congress decided to "adopt and incorporate state law on issues of common concern", the Commissioner had an adequate interest in the construction of the federal act, as that construction rested upon a determination of state banking law. *Id.*

■ In the present case, the Commissioner asserts four grounds to support his argument of adequate interest for Rule 24(a)(2). First, he contends that because the California Securities Laws are drawn in large part from the Federal Securities Laws, an interest arises as the district court's interpretation of the federal law will affect the nature and course of the administration and enforcement of the California law. Such contention is faulty as it misconstrues the rule in *Nuesse.* Despite the fact that some of the California Securities Laws are modeled to some degree after the Federal Securities Laws and references in the former are made to the latter,[6] there is nothing to suggest that the two statutory schemes are to be interdependent rather than separate, autonomous systems.[7] Unlike *Nuesse,* the district court here need not interpret or even make reference to the state law in order to apply the federal law. As noted by

---

**6.** *See, e. g.,* California Corporations Code §§ 25111 and 25112.

**7.** Indeed, the interest of the California Commissioner of Corporations in the decision of the district court would be approximately the same as other state commissioners whose statutes are modeled after and/or refer to Federal Securities Laws. It is doubtful that other state commissioners would be deemed to have sufficient interest to intervene in the present case on the grounds that the holdings by the district court here could influence the interpretation of their respective state statutes.

the appellee, this point was recently decided in *Brewer v. Republic Steel Corp.,* 513 F.2d 1222, 1224–1225 (6th Cir. 1975). In *Brewer,* a Title VII suit was brought while similar discrimination charges were pending before the Ohio Civil Rights Commission (which was charged under state law with enforcing essentially the same rights as those under the federal law statute). The Sixth Circuit affirmed the denial of intervention on the grounds that, while the Commission would find it convenient if the result reached the federal suit was consistent with the Commission's assessment of the defendant's liability under the Ohio statutes, the state and federal laws provided separate and independent avenues for relief.

■ The second ground for a finding of interest asserted by the Commissioner is based on the fact that the present suit includes three causes of action founded upon state securities laws. A state official has a sufficient interest in adjudications which will directly affect his own duties and powers under the state laws. *Hines v. D'Artois,* 531 F.2d 726, 738 (5th Cir. 1976). However, the question here is whether the fact that the federal court will of necessity interpret the state securities law is enough to create an interest in the litigation on the part of the Commissioner. We cannot say that the Commissioner automatically has an interest in every case arising under state securities laws. The appellant, nevertheless, argues that the issues involved in the suit are novel and of first impression.[8] In addition, he points out that under § 25530 of the California Corporations Code he is empowered to bring suits to prevent violations and to enforce the state securities law. Such arguments do not support any finding of interest for purposes of Rule 24(a)(2) intervention, but rather support the notion that whatever interests the Commissioner has is adequately taken care of by the court's authority to allow permissive intervention or amicus curiae status.

■ Thirdly, the Commissioner contends that he has an economic interest in the suit as § 25530(b) of the California Corporations Code permits him to seek restitution on "behalf of the persons injured by the act or practice constituting the subject matter of the action". However, § 25530(b) specifically provides that "the court shall have jurisdiction to award appropriate relief to such persons, if the court finds that enforcement of the rights of such persons by private civil action, whether by class action or otherwise, would be so burdensome or expensive as to be impractical." It is doubtful that the Commissioner qualifies under § 25530(b) as there is presently a class action suit pending in the state court and the very suit into which the Commissioner seeks to intervene is a private civil action by a group of the investors which does not appear to be "so burdensome or expensive as to be impractical." In addition, the Commissioner can seek restitution in the State Action and need not intervene in the present suit.

■ Lastly, the Commissioner contends that there should be government intervention to represent the public interest. While the idea is appealing and has been proposed by some commentators, *see, e. g.,* Shapiro, Some Thoughts on the Intervention Before Courts, Agencies and Arbitrators, 81 Harv. L.Rev. 721, 734–736 (1968) ("Shapiro"), it would be impractical to base a finding of sufficient interest for purposes of establishing intervention of right solely on public interest grounds. Here, the protection of the public interest has already been commenced through the separate action filed by the Commissioner in the state court. While the *Cascade* opinion does seem to support the view that a government body's concern for the public good is sufficient to satisfy the interest requisite, it has repeatedly been noted that the Supreme Court in *Cascade* was reacting to what it felt was inadequate representation by the federal government.

---

8. *E. g.,* whether the interests of the limited partnerships sold by the defendants were "securities" as defined in § 25019 of the California Corporations Code. However, as to the novel-

ty of that issue, *see Solomont v. Polk Development Co.,* 245 Cal.App.2d 488, 54 Cal.Rptr. 22 (1966).

7A Wright & Miller § 1908, p. 498; Shapiro, *supra*, 81 Harv.L.Rev. at 730; Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure, 81 Harv.L.Rev. 356, 406 (1967). Indeed, this court has stated it feels that the holding in *Cascade* should be limited to the specific facts of that case. *Spangler v. Pasadena City Board of Education*, 427 F.2d 1352, 1354 n. 3 (9th Cir. 1970) *cert. denied*, 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971).

### C. Impairment of Interest

▮ Given the limited nature of the interests asserted by the Commissioner, only two forms of impairment are asserted by him. The first of these is the stare decisis effect of the federal court decision on the issues. Several courts have stated that stare decisis by itself may, in the proper case, furnish the practical disadvantage required for the petitioner to be entitled to intervention as of right. *Francis v. Chamber of Commerce of United States*, 481 F.2d 192, 195 (4th Cir. 1973); *Nuesse, supra*, 385 F.2d at 702; *Atlantis Development Corp. v. United States*, 379 F.2d 818, 826–829 (5th Cir. 1967). However in this case any stare decisis effect will only arise as to the district court's determination of the pendent state claims in the second amended complaint. The question arises as to the degree of impairment which is created by the stare decisis effect of a federal court decision on issues of state law. Unlike the *Atlantis* case, this is not a situation where specific property rights are being determined in such a way that for all practical purposes the initial judicial decision will foreclose the absent party's claims to an interest in the property. Likewise, unlike *Nuesse*, the Commissioner is not limited to resorting solely to the federal courts for the protection of his interests. A decision by the federal district court on the state securities law would be entitled to about the same weight as a state trial court's determination of the issue, given that they are on parallel levels in their respective systems. That degree of stare decisis would not so hamper the assertion of a different position on the issues in the state court. Likewise, the stare decisis problem is greatly lessened where there are parties already in the suit whose position on the issues is the same as the absent party's. Here, the named plaintiffs appear to be adequately representing the interests of the Commissioner. Finally, it is also noted that, as the Commissioner had prior to his attempt to intervene in the federal action already filed an action in state court a year and a half earlier, there will be no stare decisis effect unless the federal action reaches judgment before the State Action.[9]

▮ The Commissioner also states that he will somehow be impaired unless all the issues, factual and legal, are resolved before one tribunal. The logic of that argument is doubtful. Mere inconvenience to the Commissioner caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2). *Cf., SEC v. Everest Management Corp.*, 475 F.2d 1236, 1239 (2d Cir. 1972).

### D. Adequacy of Representation

Initially is is noted that the Commissioner's argument that the 1966 Amendment to Rule 24 shifted the burden of showing adequate representation to those opposing intervention has not been adopted by most courts. *See Reedsburg Bank v. Apollo*, 508 F.2d 995, 998 (7th Cir. 1975); *Hodgson v. United Mine Wkrs. of America*, 153 U.S. App.D.C. 407, 473 F.2d 118, 130 (1972); *Edmondson v. State of Nebraska*, 383 F.2d 123, 127 (8th Cir. 1967); *see also*, 3B Moore's Federal Practice ¶ 24.09[4], 24–315 to 316.

▮ While the Commissioner points to the facts that his purpose in pursuing the litigation and the relief he seeks are different from those of the plaintiffs, those differences do not demonstrate a lack of adequate representation. Three factors should be considered in this regard: (1) Are the interests of a present party in the suit

9. *See*, Appellant's Brief, p. 2.

sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit?

The present plaintiffs to the federal action and the Commissioner both have the same interests in establishing violations of the California Securities Laws by the defendants. At the present time, the Commissioner has not explained what legal argument or tactical decisions he would employ that the plaintiffs are not utilizing or would not also employ. Because the Commissioner seeks injunctive relief while the plaintiffs seek recovery of damages does not alter the fact that before either forms of relief are granted the initial violations by the defendants must first be proven.

There is no evidence that the plaintiffs are incapable of adequately representing the Commissioner's interests or that they are unwilling to do so. Indeed, the Commissioner's brief states that much of the plaintiffs' complaint in state court and their complaints in federal court were based on identical factual allegations and claims as alleged by the Commissioner in his complaints. (See Appellant's Brief, p. 2.)

Likewise, the Commissioner has not pointed to any necessary element which would be added to the suit because of his intervention. While he does claim that the litigation would be substantially benefitted by his knowledge of the state securities law and the facts of the case, such benefits might be obtained by an amicus brief rather than bought with the price of intervention.

■ In conclusion, the Commissioner has failed to demonstrate that he satisfies the latter three conditions of Rule 24(a)(2) so as to warrant a finding that the denial of intervention of right was in error. *Reich v. Webb,* 336 F.2d 153, 156–160 (9th Cir. 1964), *cert. denied,* 380 U.S. 915, 85 S.Ct. 890, 13 L.Ed.2d 932 (1965); *see also,* 7A Wright &

Miller § 1923, p. 629. The district court's denial of intervention of right is affirmed.

## III. JURISDICTION OVER THE PERMISSIVE COMPLAINT–IN–INTERVENTION.

After having been granted permissive intervention, the Commissioner filed a complaint-in-intervention in which he did not join in any of the investor-plaintiffs' federal or state claims but instead raised three new state securities law claims. The Commissioner asserted that the district court had jurisdiction over his complaint as it was "ancillary and pendent to . . . [the district court's] jurisdiction over Count Three and Count Four [the state securities law claims] of Plaintiffs' complaint." It should be noted that the investor-plaintiffs state securities law claims were, in turn, pendent to their federal securities law causes of action. Pursuant to a motion by several of the defendants, the district court dismissed the complaint-in-intervention on the ground that the complaint failed to allege any independent basis for federal jurisdiction, and consequently the court lacked subject matter jurisdiction over it. The Commissioner urges reversal of the dismissal on the ground that no independent jurisdictional showing need have been made.

■ As stated in 3B Moore's Federal Practice ¶ 24.18[1], 24–753:

"Intervention under an absolute right, or under a discretionary right in an *in rem* proceeding, need not be supported by grounds of jurisdiction independent of those supporting the original action. Intervention in an *in personam* action under a discretionary right must be supported by independent grounds of jurisdiction except when the action is a class action." (Emphasis added.)

*Accord,* 7A Wright & Miller § 1917, pp. 590–595. The prevailing view of the federal courts is that the claims of permissive Rule 24(b) intervenors must be supported by independent jurisdictional grounds. *See e. g., Reedsburg Bank, supra,* 508 F.2d at

1000 (7th Cir.); *Beach v. KDI Corp.,* 490 F.2d 1312, 1319–1320 (3rd Cir. 1974); *Warren G. Kleban Engineering Corp. v. Caldwell,* 490 F.2d 800, 802 (5th Cir. 1974); *Francis, supra,* 481 F.2d at 195 n. 6 (4th Cir.); *Babcock & Wilcox v. Parsons Corp.,* 430 F.2d 531, 540 (8th Cir. 1970); *Burney v. North American Rockwell Corp.,* 302 F.Supp. 86, 93 (C.D.Calif.1969). While Rule 24 itself does not mention any jurisdictional requisite, that cannot end the inquiry as Rule 82 specifically provides that the Federal Rule of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ." *See,* 7A Wright & Miller § 1917, p. 587; *Pierson v. United States,* 71 F.R.D. 75, 81 (D.C.Del.1976).

We have previously determined that the Commissioner does not have any intervention of right in this case. Thus, it was incumbent upon the Commissioner to demonstrate that he had met the requirement of an independent jurisdictional basis for his claims. That requisite showing arises in two separate instances where the intervenor also seeks to add his own causes of action. First, jurisdictional grounds must be established for the permissive intervention in the first instance, and second, they must be shown to support any newly raised causes of action. *Cf.,* 7A Wright & Miller § 1921, p. 621.

The investor-plaintiffs initiated the present suit in federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331 as two of their five causes of action arose under federal securities laws. The Commissioner clearly cannot establish independent grounds of jurisdiction for intervention under the federal securities statutes cited by the investor-plaintiffs as he was neither a purchaser or seller of the alleged securities involved. However, the plaintiffs' third and fourth counts were based upon state securities laws which the Commissioner is empowered to enforce. *See* § 25530 California Corporations Code. The question therefore arises as to whether, once permitted to intervene, the Commissioner could have pursued the enforcement of the state securities statutes which were involved in the plaintiffs' pendent claims. On the one hand it may be argued that jurisdiction would have been based on the fact that the state claims in which the Commissioner would have intervened were already properly before the district court. Conversely, this circuit has consistently rejected arguments to accept jurisdiction over a new party not then involved in the litigation in federal court where jurisdiction over that party is based solely upon a state law claim over which there is no independent ground of federal jurisdiction. (See discussion *infra.*) The question need not be resolved here as the Commissioner, once permitted to intervene, did not seek to pursue the plaintiffs' pendent claims but rather sought to interject his own state law causes of action. It is the dismissal of those causes of action in his complaint-in-intervention which the Commissioner appeals.

The Commissioner attempts to avoid the problem of establishing independent grounds of jurisdiction for the causes of action in his complaint-in-intervention by arguing that he did not have to state an independent ground of federal jurisdiction in order to be a proper pendent party plaintiff.[10] His contention is incorrect for several reasons.

As noted above, an independent basis for jurisdiction is required for claims by permissive intervenors. Here, the Commissioner's claims contained in his complaint-in-intervention were ancillary.[11]

---

10. As defined in *Moor v. County of Alameda,* 411 U.S. 693, 713, 93 S.Ct. 1785, 1797, 36 L.Ed.2d 596 (1973), a pendent party is one who "is implicated in the litigation only with respect to the pendent state law claim and not also with respect to any claim as to which there is an independent basis of federal jurisdiction."

11. A distinction should be drawn between pendent and ancillary jurisdiction. Both doctrines expand the scope of federal courts by permitting parties to obtain a federal forum for claims which, by themselves, are not within the statutory jurisdiction of the federal courts. Pendent claims are state claims which arise from the

They did not have any independent basis for jurisdiction, but rather, were supposedly founded on the pendent state claims raised by the investor-plaintiffs. As at least two courts have stated, while ancillary jurisdiction can support the presence of claims by intervenors of right, it cannot support the claims by permissive intervenors. *Warren G. Kleban Engineering Corp., supra,* 490 F.2d at 802; *Babcock & Wilcox Co., supra,* 430 F.2d at 539–542; *see also,* 13 Wright & Miller § 3523, p. 69–70; Goldberg, The Influence of Procedural Rules on Federal Jurisdiction, 28 Stan.L.Rev. 395, 421–424 (1976).

Likewise, the Commissioner's attempt to categorize himself as a pendent party plaintiff does not help his case. First, by definition, a pendent party is not connected with "any claim as to which there is an independent basis of federal jurisdiction."[12] Second, the fact that the Commissioner is a pendent party plaintiff is not, by itself, a determinative factor. Rather, the question is whether a pendent party plaintiff may in turn raise ancillary claims which do not have any independent grounds to support federal jurisdiction.

This circuit does not recognize pendent party jurisdiction having consistently held that there is no judicial power to entertain a non-federal claim by a pendent party who is unable to establish independent grounds of federal jurisdiction. *See, Ayala v. United States,* 550 F.2d 1196 (9th Cir. 1977); *Aldinger v. Howard,* 513 F.2d 1257, 1269 (9th Cir. 1975), *affirmed,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Moor v. Madigan,* 458 F.2d 1217, 1220 (9th Cir. 1972), *affirmed* in relevant part and *reversed* in part *sub nom., Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Hymer v. Chai,* 407 F.2d 136, 137 (9th Cir. 1969)—("Joinder of claims, not joinder of parties, is the object of the doctrine [of pendent jurisdiction]."). This position on the issue has virtually set this circuit apart from the other circuits with the exception of the Seventh Circuit. *See,* Note, Federal Pendent Party Jurisdiction and *United Mine Workers v. Gibbs*——Federal Question and Diversity Cases, 62 U.Va.L.Rev. 194, 206–208 (1976). Although questioned by the Supreme Court in the *Moor* opinion, *supra,* 411 U.S. at 713–716, 93 S.Ct. 1785, the position of this circuit has not been overruled, the Court recognizing that the issue involves a "subtle and complex question." Indeed, the recent Supreme Court opinion in *Aldinger, supra,* 427 U.S. at 14–15, 96 S.Ct. 2413, expressly recognizes the difference between permitting additional state claims to be litigated (pendent claims) and bringing in additional parties to the suit over whom the court does not have independent jurisdiction solely in order to resolve the pendent state claims. As noted in the 1977 supplement to 13 Wright & Miller § 3567, p. 143, *Aldinger's* "cautious attitude . . . is likely to be read as a signal that courts should go slowly in exercising such jurisdiction."

While reconsideration of this circuit's policy towards pendent party jurisdiction may be warranted, the present case does not suggest any strong reason for doing so. *See, Ayala, supra,* 550 F.2d at 1198. Thus, the fact that the Commissioner claims that he is a pendent party plaintiff does not enhance his argument that the district court should have accepted the complaint-in-intervention without the necessary show-

---

same "nucleus of operative facts" as that of a federal claim and which are joined in the same complaint with the federally cognizable claim by the original plaintiffs against the original defendants. Ancillary claims are claims which also arise out of the same transactions that are the subject of the federal causes of action but which are asserted after the original complaint is filed, usually by one other than the original plaintiff. *See in this regard,* Note, Federal Pendent Party Jurisdiction and *United Mine Workers v. Gibbs*——Federal Question and Diversity

Cases, 62 U.Va.L.Rev. 194, n. 2 (1976); Comment, Pendent and Ancillary Jurisdiction: Towards a Synthesis of Two Doctrines, 22 U.C.L. A.L.Rev. 1263 (1975). However, as noted in 7 Wright & Miller § 1659, p. 314, "Pendent jurisdiction is a specialized application of the ancillary jurisdiction concept. . . ." *See, Jacobs v. United States,* 367 F.Supp. 1275, 1277 (D.Ariz.1973).

**12.** See footnote 10, *supra.*

ing of an independent basis for jurisdiction. Even if this court were to conclude that the doctrine of pendent party jurisdiction would postpone the jurisdictional problem, we note that "[i]t has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Given the complexity of the present suit, not only in terms of legal issues but also the facts, it cannot be said that a dismissal of the permissive complaint-in-intervention was an abuse of discretion, especially when the complaint raised additional state issues and also would have had the resulting effect of adding defendants to the litigation in federal court, who would be responding solely to state law claims. Likewise, more properly viewing the Commissioner's additional causes of action as ancillary claims, it is noted that ancillary jurisdiction is also a "doctrine of discretion". For the reasons stated above, we find that the district court acted within its discretion in dismissing the Commissioner's complaint-in-intervention.

The decision of the district court is affirmed in all respects.