**John DILKS, Plaintiff-Appellee,**

v.

**ALOHA AIRLINES, INC., Defendant-Appellee,**

and

**Air Line Pilots Association, International, Applicant for Intervention-Appellant.**

No. 78–2752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1980.

Decided March 23, 1981.

**1156**

Gary Green, Washington, D. C., applicant for intervention-appellant.

Wayson W. S. Wong, Honolulu, Hawaii, for plaintiff-appellee.

Before CHOY and NELSON, Circuit Judges, and SCHNACKE,* District Judge.

* The Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

**PER CURIAM:**

Air Line Pilots Association International (ALPA) appeals from the denial of its motion to intervene as a party defendant in an action brought by John Dilks against Aloha Airlines, Inc. (Aloha) alleging wrongful discharge.

Dilks, an airline pilot, alleged, in his amended complaint, that Aloha violated the applicable collective bargaining agreement by constructively discharging him. Because contractual remedies normally are a bar to such a suit, Dilks further alleged that pursuing arbitration under the agreement would have been futile because ALPA breached its duty of fair representation by refusing to help him regain his job. Dilks prays for reinstatement with seniority, and other relief.

ALPA claims the right to intervene as a "timely" applicant having

"an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." [F.R.Civ.P., Rule 24(a)(2)]

Since intervention is claimed as a matter of right, the denial is appealable. [*Blake v. Pallan*, 554 F.2d 947, 951 n.5. (9th Cir. 1977)]

The motion to intervene was filed eighteen months after the filing of the complaint. Dilks contends that it was untimely; Rule 24 requires a "timely application". Timeliness is a flexible concept. [*Blake v. Pallan, supra,* at 951–952] The district court has considerable discretion to assess timeliness. It did not deny the motion on that ground, and we will not disturb the implied finding of timeliness.

To intervene as a matter of right, ALPA must establish an "interest", under Rule 24,

that is direct, non-contingent, substantial and legally protectable [*Heyman v. Exchange Natl. Bank of Chicago*, 615 F.2d 1190, 1193 (7th Cir. 1980)], and one not adequately represented by existing parties.

 ALPA contends that its interest is three-fold. It first claims that it has an interest in the collective bargaining agreement being correctly interpreted. Such a concern does not rise to the level of the interest contemplated by Rule 24. Its concern is similar to the general concern of the California Corporation Commissioner in a proper interpretation of the California corporation laws, which was held not sufficient to give the California Corporation Commissioner a right to intervene in an action in which those laws were to be interpreted. [*Blake v. Pallan, supra.*]

ALPA next urges that it may have potential liability for damages if it is found to have breached its obligation of fair dealing. The short answer is that Dilks is not seeking, in this action, any relief against ALPA. If he ever does, which is speculative in the light of his pledge not to do so, ALPA's right to litigate the matter will in no way be foreclosed by the present action.

Finally, ALPA contends that it must defend the rights of pilots junior to Dilks, who may be adversely affected if Dilks is reinstated. It is, of course, true that whenever someone is discharged, those junior to him may improve their seniority, and, if a reinstatement is required, the juniors will revert to a lesser seniority. [See *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976)] But the juniors have no legally protectable right to benefit from an invalid discharge.

Even were some interest of ALPA thought to afford it a right to intervene, ALPA has nonetheless failed to establish that its interests are unlikely to be fully represented by Aloha. It is ALPA's position that the discharge was proper, that the collective bargaining agreement required use of the grievance procedure, and that it did not fail adequately to represent Dilks. These are precisely the positions of Aloha;

ALPA has suggested nothing that it would bring to the proceedings which Aloha, in its own interest, would not be equally motivated to urge. On all significant matters here, the interests of Aloha and ALPA are identical, Aloha is capable of enforcing them as well as ALPA, and intervention would bring no new, necessary element to the case. Any interest of ALPA is, therefore, adequately represented by Aloha. [*Blake v. Pallan, supra*, at 954–955]

The district court correctly denied the motion to intervene, and the order appealed from is AFFIRMED.