CYNTHIA HOLCOMB HALL, Circuit Judge:
Defendant-appellants the Nevada Resort Association, various resorts, and various unions (appellants) appeal from the November 6, 1984 order of the district court granting Minorities Research and Development Corporation (MRDC) permissive intervention under Fed.R.Civ.P. 24(b). Appellants argue that MRDC lacks standing to intervene in this action, that there is no independent basis of jurisdiction to support MRDC’s petition for intervention, and that the district court abused its discretion in permitting permissive intervention. We vacate the decision of the district court because we find that the district court lacked jurisdiction over MRDC’s petition for permissive intervention.
I
MRDC sought intervention to enforce a consent decree entered between the Equal Employment Opportunity Commission (EEOC) and appellants on June 4, 1971. At the time of intervention MRDC was composed of three officer-members and an attorney. MRDC was incorporated on August 14, 1984, at the suggestion of an EEOC employee, for the purpose of intervening in this action.
Ella Pitts-Williams, a black female member of MRDC, submitted a declaration in support of the' petition for intervention alleging that she applied for security management jobs with certain defendants but was unable to attain a position except for temporary work during a labor dispute. Pitts-Williams’ declaration also alleged that she is qualified for security management jobs, that several hotels had security management jobs which were not made available to her because she is a black female, and that one particular hotel told her that she need not even apply for a management level security position because she was a black female.
*885 MRDC filed its petition for permissive intervention and memorandum in support thereof on August 15, 1984. The petition incorporated the government’s original patvtem and practice complaint by reference, and alleged that MRDC was incorporated for purposes of researching and developing programs to increase employment opportunities for women, blacks, and minorities. MRDC argued that its petition filed thirteen years after entry of the consent decree was timely, and that permitting intervention would benefit all concerned by promoting enforcement of the consent decree. The EEOC filed a memorandum in support of MRDC’s petition for intervention on October 15, 1984.[1] Appellants opposed the motion for intervention, arguing that MRDC’s petition was untimely, and that MRDC lacked standing to intervene. MRDC filed a reply memorandum asserting that it had standing to intervene because one of its members was aggrieved, and attaching Pitts-Williams’ affidavit, on Friday October 12,1984. On Monday October 15, 1984, the district court requested counsel for MRDC to lodge a proposed order granting intervention. An order was lodged on November 2, 1984, and filed on November 6, 1984 as lodged by MRDC.[2] Appellants subsequent motions for reconsideration were denied by the district court without opinion on January 9, 1985, and appellants timely appealed.
II
Appellants initially claim that MRDC lacks standing to bring this action. We disagree.
An organization has standing to sue in its own right if the associational ties of its members are injured. Warth v. Seldin, 422 U.S. 490, 510-11, 95 S.Ct. 2197, 2211-12, 45 L.Ed.2d 343 (1975); NAACP v. Alabama, 357 U.S. 449, 458-60, 78 S.Ct. 1163, 1169-71, 2 L.Ed.2d 1488 (1958). For example, in NAACP v. Alabama, the NAACP had standing when it claimed that the disclosure of its Alabama membership lists would adversely affect the association by decreasing its membership and financial support. 357 U.S. at 459-60, 78 S.Ct. at 1170-71. Additionally an organization may sue on behalf of its members, even if it has not been injured directly, if: (1) any one of its members would have standing to sue; (2) the interests the organization seeks to protect are germane to the purposes of the organization; and (3) neither the action nor the relief sought requires participation by the individual member or members. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); Warth, 422 U.S. at 511, 95 S.Ct. at 2211; Forelaws on Board v. Johnson, 743 F.2d 677, 680 (9th Cir.1984).
MRDC has not claimed, nor could it claim, any injury to itself or to the associational rights of its members within the meaning of NAACP v. Alabama, 357 U.S. at 458-60, 78 S.Ct. at 1169-71. MRDC does, however, have standing to vindicate Pitts-Williams’ Title VII rights. In Fore-laws on Board we held that the standing of a single member is sufficient to support organizational standing. 743 F.2d at 680. MRDC member Pitts-Williams’ has alleged an active interest in the litigation which is germane to the purposes of MRDC and does not require Pitts-Williams’ partic *886 ipation in the action. Under our decision in Forelaws on Board this is sufficient to confer standing on MRDC.
Ill
A party seeking permissive intervention under Fed.R.Civ.P. 24(b)[3] must establish a basis for federal subject matter jurisdiction independent of the court’s jurisdiction over the underlying action. Fed.R. Civ.P. 82 (“These rules shall not be construed to extend or limit the jurisdiction of the United States district courts — ”); Blake v. Pallan, 554 F.2d 947, 955-56 (9th Cir.1977). See also Moosehead Sanitary District v. S.G. Phillips Corp., 610 F.2d 49, 52 n. 5 (1st Cir.1979); Beach v. KDI Corp., 490 F.2d 1312,1319-20 (3d Cir.1974); see generally, 3B Moore’s Federal Practice, 1124.18[4] at 24-206 through 24-207 (2d ed. 1985). In Blake we applied this doctrine to deny the request for permissive intervention by the Commissioner of Corporations of the State of California, when the Commissioner could not establish jurisdiction under the federal securities laws as had the original investor plaintiffs. 554 F.2d at 956.
This doctrine applies to permissive intervention in Title VII actions. See United States v. United States Steel Corp., 520 F.2d 1043, 1048 (5th Cir.1975) (U.S. Steel), cert. denied, 429 U.S. 817 97 S.Ct. 61, 50 L.Ed.2d 77 (1976); Braddy v. Southern Bell Telephone & Telegraph Co., 458 F.2d 666, 669-70 (5th Cir.1972) (on petition for rehearing court denied EEOC permissive intervention in private action because no independent basis for jurisdiction existed). In U.S. Steel the Fifth Circuit dismissed a petition for permissive intervention by ore miners who challenged the use of plant age instead of company age for seniority purposes. 520 F.2d at 1047-48. The miners’ petition did not allege that the use of. plant age to determine seniority affected blacks differently than whites. Id. at 1048. The court found that the miners’ claims were essentially a work grievance rather than a Title VII dispute, and concluded that the application for intervention “must be dismissed for want of Title VII jurisdiction, irrespective of other requirements for intervention.” Id.
MRDC lacks standing in its own right. Therefore, MRDC’s claim to jurisdiction over its petition for intervention depends on the viability of Pitts-Williams’ Title VII claim. In filing its petition for intervention MRDC adopted the government’s original pattern and practice complaint which alleged jurisdiction under 42 U.S.C. § 2000e-6 (“section 2000e-6”). Section 2000e-6 does not provide a basis for private party actions. See EEOC v. Continental Oil Co., 548 F.2d 884, 887 (10th Cir.1977); United States v. Allegheny Ludlum Industries, Inc., 517 F.2d 826, 843 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). Title VII actions by private parties are governed by 42 U.S.C. § 2000e-5 (“section 2000e-5”), including the requirement that the private party file charges with the EEOC. See Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985); Allegheny Ludlum Industries, 517 F.2d at 843 (comparing section 2000e-6 which “provide[s] the government with a swift and effective weapon to vindicate the broad public interest in eliminating unlawful practices, at a level which may or may not address the grievances of particular individuals” to section 2000e-5 “with its attendant requirements that charges be filed, investigations conducted, and an opportunity to conciliate afforded____”). Thus, on its face, MRDC’s *887 petition for intervention fails to allege an independent basis for federal subject matter jurisdiction on which Pitts-Williams could rely.
Even if MRDC had referred to section 2000e-5 in its petition for intervention, no independent basis for jurisdiction would be established on the record before us.[4] There is no evidence that Pitts-Williams filed charges with the EEOC or complied with the other requirements for bringing an action under section 2000e-5. Although these requirements are not jurisdictional in the sense that failure to comply may be excused by equitable doctrines such as waiver or estoppel, see Zipes v. Trans World Airlines, 455 U.S. 385, 392-98, 102 S.Ct. 1127, 1131-35, 71 L.Ed.2d 234 (1982); Boyd, 752 F.2d at 414, MRDC cannot rely on Pitts-Williams’ Title VII claim as an independent basis for jurisdiction over its petition for intervention unless it establishes that Pitts-Williams complied with these requirements or that compliance was excused. The record before us contains no such showing.
IV
The order of the district court granting MRDC permissive intervention is VACATED;[5] each party is to bear its own costs on appeal.

. The EEOC supported MRDC’s petition for intervention in the district court because it felt that MRDC would help to streamline disputes in enforcement of the consent decree at the local level. On appeal the EEOC opposes intervention because statements by MRDC in its papers before the district court that the EEOC was unwilling or unable to perform its responsibilities under the consent decree, and MRDC’s failure to timely serve appellants in the district court, see infra Note 2, have led the EEOC to question MRDC’s reliability.

. Appellants argue that MRDC violated Fed.R. Civ.P. 5 because some appellants were not served the reply papers supporting MRDC’s petition until after the order granting intervention was filed, and District of Nevada Local Rule 19 because the order granting intervention was never served on opposing counsel for comment. Because we conclude that the district court lacked subject matter jurisdiction over the petition for intervention we do not reach these issues.

. Fed.R.Civ.P. 24 provides in part:
(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action have a question of law or fact in common____In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
MRDC does not support its petition with (1) any statute conferring an unconditional right to intervene, or (2) any claim to property subject to this action, so there is no basis for intervention as of right in this case. Fed.R.Civ.P. 24(a).

. Ordinarily we will not look beyond the face of a complaint to determine the existence of jurisdiction. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-48, 77 L.Ed.2d 420 (1983); Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 821-22 (9th Cir.1985). This rule has equal application to allegations of an independent basis for jurisdiction in a petition for permissive intervention. We will not speculate regarding other jurisdictional allegations MRDC could have made. We examine the problems with MRDC’s potential reliance on Pitts-Williams’ claim under section 2000e-5 to demonstrate that MRDC’s erroneous reference to section 2000e-6 is not merely a technical error, and to alert the parties and the district court to these problems should MRDC petition for intervention in the future.

. Because we conclude that the district court lacked subject matter jurisdiction over the petition for intervention we do not reach the question of whether the district court abused its discretion in permitting permissive intervention on the facts of this case.