74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. KOEPKE, Plaintiff,
and
Richard A. Forster; Gary C. Jones; Raymond A. Oravetz;
Robert M. Peckels; Jere C. White; James D.
Williams; Joseph B. Zucht, II,
Intervenors-Appellants,
Kerry T. Furata; Gary L. Johnson; Ernest R. Procalo;
Julie Ender Jackson; Terry B. Karch; David K.
Kentala; Bruce A. Perret; Herbert W.
Dunmeyer,
Plaintiffs-Intervenors-Appellants,
v.
BECTON, DICKINSON AND COMPANY, Defendant-Appellee.
 No. 94-16153.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Jan. 19, 1996.
 
 1
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and THOMPSON,* District Judge.
 
 MEMORANDUM
 
 2
 The district court originally had jurisdiction pursuant to 28 U.S.C. Sec. 1331. After the federal claim was dismissed, the district court exercised jurisdiction over the remaining state claims pursuant to 28 U.S.C. Sec. 1367. The two intervenor groups: Dunmeyer et al. (Dunmeyer) and Forster et al. (Forster) assert that we have jurisdiction to review six orders from the district court: order denying motions of Forster to intervene as class representatives for purposes of appeal and Dunmeyer to intervene (May 11, 1994); order denying motion for partial summary judgment on choice of law and class decertification (August 18, 1993); order denying reconsideration of choice of law and class decertification (September 20, 1993); order denying motion for partial summary judgment to determine choice of law for proposed recertified class (January 18, 1994); order denying motion for recertification and proposed alternative class (January 18, 1994); and order denying motion to nullify settlements and reinstate class members (August 18, 1993).
 
 
 3
 On September 16, 1994, this court's appellate commissioner construed Becton, Dickinson & Company's (Becton) motion to dismiss these orders for lack of jurisdiction as a motion to limit the scope of appeal. We granted the motion, with the exception of the appeal from the May 11, 1994, order.
 
 
 4
 On September 23, 1994, the settlement between plaintiff, David M. Koepke and Becton became final as the district court entered an order of vacatur and dismissal for the entire suit. However, the intervenors never filed a notice of appeal from this order. Rather, they filed, on October 13, 1994, a motion to expand the remaining appeal of May 11, 1994, to include all the previously dismissed orders as well as the order to vacate and dismiss.
 
 
 5
 * We must first decide whether the district court may be sustained in denying Dunmeyer intervention and in denying Forster intervention as class representatives for purposes of appeal. Federal Rule of Civil Procedure 24 creates two types of intervention: intervention as a matter of right and permissive intervention. Denial of intervention as a matter of right is reviewed de novo. Idaho Farm Bureau Fed. v. Babbitt, 58 F.3d 1392, 1397 (9th Cir.1995).
 
 
 6
 Rule 24(a)(2) establishes a four-fold test for intervention of right for those situations not covered by the unconditional statutory intervention rights under Rule 24(a)(1). Under Rule 24(a)(2), a court must allow a third-party's intervention as of right if four conditions are met: if the motion is timely; if the interest asserted relates to the property or transaction which is the subject of the action; if intervention is necessary to prevent, as a practical matter, impairing or impeding of the third-party's interest; and if the interest is inadequately represented by other parties. United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir.1986), vacated on other grounds, Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987); see also Blake v. Pallan, 554 F.2d 947, 951 (9th Cir.1977) (Blake ). Parties dispute the last two conditions.
 
 
 7
 Dunmeyer asserts that the impairment or impediment of interest condition involves a flexible approach. He argues that courts must allow intervention even if the applicant could simply file another action but would suffer inconvenience and waste effort as a result. Our precedent rejects this position. "Mere inconvenience" or supposed judicial economy considerations are not enough to mandate intervention as of right. Blake, 554 F.2d at 954. Dunmeyer has failed to show how his interests would be hurt by bringing separate suits; he, therefore, does not meet this prong of the Stringfellow test. Since all four prongs of the Stringfellow test must be met, we need not consider whether the Dunmeyer intervenors' interests were adequately represented.
 
 
 8
 Dunmeyer further alleges that the district court must be reversed for failing to allow permissive intervention. Denial of permissive intervention is reviewed for abuse of discretion. Employee Staffing Services v. Aubry, 20 F.3d 1038, 1042 (9th Cir.1994).
 
 
 9
 Rule 24(b) allows permissive intervention if three conditions are met: the movant shows an independent ground for jurisdiction, the motion is timely, and there exists a common question of law and fact between movant's claim and the main action. This rule further instructs the court to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Venegas v. Skaggs, 867 F.2d 527, 529-30 (9th Cir.1989). The district court identified numerous factors which weighed against permissive intervention: there would be delay to current main parties; the applicant-intervenors' best interest would be served by separate actions; additional discovery would prejudice present parties but disallowing discovery would prejudice applicant-intervenors; and, choice of law issues would reemerge if intervention were allowed. These factors seem reasonable, and the district court did not abuse its discretion when it relied on them to deny Dunmeyer's motion to intervene.
 
 II
 
 10
 On September 16, 1994, this court dismissed appeal of all orders, except the May 11, 1994, which denied Dunmeyer intervention and denied Forster request for designation as class representatives for purposes of appeal. We now turn to whether the district court properly denied Forster's request. The district court is reviewed for abuse of discretion. Baby Neal for and by Kantor v. Casey, 43 F.3d 48, 56 (3d Cir.1994).
 
 
 11
 The district court stated that there was no authority for appointing seven plaintiff intervenors as class representatives of other decertified plaintiffs. Such designation could lead other decertified plaintiffs to believe a class action still was being prosecuted and thus forego their own, private actions.
 
 
 12
 These reasons appear reasonable; the district court has not abused its discretion. We affirm the district court's refusal to designate Forster as class representative.
 
 III
 
 13
 We now turn to the five dismissed interlocutory orders. Unlike the May 11, 1994, orders, these appeals were dismissed as appeals from nonfinal, interlocutory orders. When the underlying suit was settled and the district court entered a final order of vacatur and dismissal, Dunmeyer did not file a notice of appeal from that final order, but filed a motion to "expand" the present appeal to include the previously dismissed appeals and the district court's final order. This is insufficient. The filing of a motion to expand the appeal is not a notice of appeal or the "functional equivalent" of a notice of appeal. The motion appellants filed merely states the intention to expand the review of the May 11, 1994, order currently before this court and nothing more; it does not clearly convey the information which a proper notice of appeal would contain.
 
 
 14
 We affirm the district court's rulings denying intervention to Dunmeyer and declining to designate Forster as a class representative. We do not have jurisdiction to consider the other orders purportedly before us.
 
 
 15
 AFFIRMED.
 
 
 16
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation